**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: CAMELLIA A. JAMES, | ) | Case No. 08-60012-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CAMELLIA A. JAMES, | ) | Adv. No. 08-06035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACCELERATED RECOVERY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM

This trial comes before the Court on a complaint filed by Camellia A. James ("the Plaintiff") against Accelerated Recovery Systems, Inc., ("the Defendant") seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. Judgment shall be entered in favor of the Defendant.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

1

*Facts*

On January 4, 2008, the Plaintiff filed a chapter 13 petition in bankruptcy, initiating the above-styled case.  The debtor scheduled a debt owed to William Crupp, DDS, in the amount of $103.00.

Pre-petition, the Plaintiff received a notice from the Defendant on behalf of Dr. Crupp seeking to collect the debt owed to him as scheduled by the Plaintiff.  The notice stated that unless the debtor disputed the validity of the debt within 30 days from the date of the notice that the Defendant would assume that the debt was valid.

*Discussion.*

The Defendant admits that it is a debt collector, as required under the applicable statute. The complaint originally contained four causes of action under the Fair Debt Collection Practices Act.  At trial the Plaintiff conceded that three of the causes of action were not viable. The remaining cause of action asserts that the Defendant violated 11 U.S.C. § 1692g(a)(3) by failing to give the Plaintiff 30 days from the date of the receipt of the original communication from the Defendant to dispute the debt owed.   While the notice gives the Plaintiff 30 days notice to dispute the debt, it does so from the date on the notice, not from the date that the notice was received.

A debt collector must, within five days after the initial communication with a consumer in connection with the collection of any debt,  provide the consumer with a statement that the debt collector will assume that the debt is valid unless the consumer, *within thirty days after receipt of the notice*, disputes the validity of the debt, or any portion thereof.   15 U.S.C. § 1692g(a)(3).  The notice may be contained in the original communication.  In this case, the

notice does not strictly comport with the requirements of Section 1692g(a)(3).

Section 1692k(c), however, exempts from liability any debt collector who can show by a preponderance of the evidence that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  In this case the principal of the Defendant, Betty Wheelock, testified that she was unaware that the notice was in violation of the section, that she had purchased a noticing program from an entity that had assured her that it was in compliance with all applicable statues and that she had never received a complaint concerning the notice period even though she has used the noticing program for more than fifteen years.  The Court found Ms. Wheelock to be a very credible witness.  The Court concludes that she met her burden of coming forward with evidence supporting the requirement that the violation was unintentional and that the violation occurred despite the maintenance of procedures adapted to avoid any such error.  The Plaintiff presented no evidence in rebuttal and so the Defendant also met her burden of proof by a preponderance of the evidence.

Even if the Court found the Defendant to be in violation of the statute, judgment could not be entered in favor of the Plaintiff.  The only damages asserted by the Plaintiff are the fees that she incurred in prosecuting this action.  This is not sufficient to support a judgment.

> Courts are reluctant to award attorney's fees where such fees are, as here, the debtor's only damages.  Salem v. Paroli, 260 B.R. 246, 257 (S.D.N.Y.2001) (Conner, J.). And in cases such as this one, where attorney's fees are the only injury from a non-willful violation of a stay, the denial of a motion for fees is required. Id.

Lichtenstein,v. Cohen & Slamowitz, LLC (In re Lichtenstein), 2009 WL 874198 (S.D.N.Y.) Here the Plaintiff's damages consist only of counsel's attorney fees.  Even if the Defendant had knowingly violated the statute, no judgment in favor of the Plaintiff would be appropriate.

Accordingly, judgment shall be entered in favor of the Defendant.

Upon entry of this memorandum the Clerk shall forward copies of this order to Marshall M. Slayton, Esq., Larry L. Miller, Esq., and Betty C. Wheelock, Registered Agent of the Defendant.

Entered on this  8th  day of June, 2009.

_____
William E. Anderson
United States Bankruptcy Judge